ORIGINAL
FILED

AUG 1 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | Joseph J. Tabacco, Jr. (75484)
2 | Christopher T. Heffelfinger (118058)
James C. Magid (233043)
3 | **BERMAN DeVALERIO PEASE TABACCO BURT& PUCILLO**
425 California Street, 21st Floor
4 | San Francisco, CA 94104
Telephone: 415-433-3200
5 | Facsimile: 415-433-6382

6 | Christopher Lovell
Imtiaz Siddiqui
7 | **LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue, Floor 58
8 | New York, NY 10110
Telephone: (212) 608-1900

E-filing

9 | **Counsel for Plaintiff**

10

11 | **UNITED STATES DISTRICT COURT**

12 | **NORTHERN DISTRICT OF CALIFORNIA**

MEJ

13

14 | KIRBY K. KIM, individually and on behalf of
all others similarly situated,

Civ. Action No. **C 07 4245**

15 |            Plaintiff,

**CLASS ACTION COMPLAINT**

16 |     v.

**DEMAND FOR JURY TRIAL**

17 | KOREAN AIR LINES CO. LTD.,

18 |            Defendant.

19

20 |     Plaintiff Kirby K. Kim, individually and on behalf of all others similarly situated, for his

21 | complaint against Defendant, upon knowledge as to himself and his own acts, and upon

22 | information and belief as to all other matters, alleges the following:

23 |                    **Nature of Action**

24 |     1.    This antitrust class action is brought under Sections 4 and 16 of the Clayton Act, 15

25 | U.S.C. §§ 15 and 26, to recover treble damages, injunctive relief, and the costs of suit, including

26 | reasonable attorneys' and experts' fees, for the injuries to Plaintiff and members of the proposed

27 | class he seeks to represent, resulting from defendant Korean Air Lines Co. Ltd and un-named co-

28 | CLASS ACTION COMPLAINT

1

conspirators for fixing the price for airline transportation, including fuel surcharges, between the United States and The Republic of Korea ("Korea") in violation of federal antitrust laws.

### Jurisdiction and Venue

2.    The Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 15 and 26, and pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367.  This Court has *in personam* jurisdiction over Defendant because it was engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing in, located in, or doing business in this District and throughout the United States.

3.    Venue is proper in this District pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b), (c) and (d), because, during the Class Period, Defendant resided, or is licensed to do business or is doing business, or is found or transacted business, in this District and/or the claims arose in this District.

### Parties

4.    Plaintiff Kirby K. Kim ("Plaintiff") is an individual residing in the State of New York, County of New York.  During the Class Period, Plaintiff purchased airfare from Defendant and was damaged as a result of Defendant's antitrust violations alleged herein.

5.    Defendant Korean Air Lines Co. Ltd. ("Korean Air" or "Defendant") is a foreign air carrier with headquarters at Korean Air Operations Center, 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea 157-712.  Korean Air is the largest passenger carrier from the United States to Korea with average revenues of more than $250 million a year on those flights.

6.    The acts alleged to have been performed by Defendant were authorized, ordered, or performed by its directors, officers, managers, agents, employees and representatives while actively engaged in the management of Defendant's affairs.

### Unnamed Co-Conspirators

7.    On information and belief, at all relevant times, other airlines, individuals, partnerships, firms and corporations have participated as co-conspirators with Korean Air in the violations alleged herein and have performed acts and made statements in furtherance thereof.

CLASS ACTION COMPLAINT                                                                2

1    Their identity is not known to Plaintiff at this time.  All allegations made against Korean Air

2    herein also apply to these unnamed co-conspirators.

3                                **Factual Allegations**

4          8.        Between January 2000 and July 2006, Korean Air participated in a conspiracy to fix

5    fares, including fuel surcharges, charged to Plaintiff and members of the Class.

6          9.        Korean Air participated in meetings, conversations and communications to discuss

7    passenger and wholesale fares, including fuel surcharges, charged on flights from the United States

8    to Korea.

9          10.       During these meetings, conversations and communications, Korean Air agreed on

10   and levied passenger and wholesale fares, including fuel surcharges, charged to Plaintiff and

11   members of the Class on flights from the United States to Korea.

12         11.       Subsequently, Korean Air engaged in meetings, conversations and communications

13   to monitor and enforce these agreed upon fares and surcharges.

14         12.       Korean Air reached an agreement with its rival to fix certain passenger fares for

15   flights from the United States to Korea.

16                               **Governmental Proceedings**

17         13.       The U.S. Department of Justice ("DOJ") charged that Korean Air reached an

18   agreement with its rival to fix certain passenger fares for flights from the United States to Korea.

19         14.       Specifically, the DOJ charged that between January 2000 and July 2006, Korean

20   Air participated in a conspiracy to fix fares charged to passengers and certain travel agents for

21   flights from the United States to Korea.

22         15.       On August 1, 2007, Korean Air agreed to plead guilty and pay $300 million in

23   criminal fines for its role in conspiracies to fix the prices of passenger and cargo flights.

24         16.       In a statement issued on behalf of Korean Air, Ahn Yong-Seok, counsel for Korean

25   Air, stated that "Korean Air apologizes to shareholders and customers for causing the trouble."

26   Mr. Yong-Seok further stated that "[w]e're intensifying internal monitoring and education to

27   prevent a repeat of the wrongdoing."

28   CLASS ACTION COMPLAINT                                                                    3

17.    Under the terms of the plea agreement, Korean Air has agreed to fully cooperate with the ongoing industry-wide antitrust investigations.

**Interstate Trade and Commerce**

18.    Defendant Korean Air is the largest passenger carrier traveling from the United States to Korea.

19.    During the Class Period (as defined in ¶ 22 herein), Class members throughout the United States could purchase tickets from Defendant via the Internet, telephone and/or Defendant's ticket offices for travel from the United States to Korea.

20.    The restraints hereinafter alleged have directly and substantially affected interstate commerce in that Defendant an its unnamed co-conspirators deprived Plaintiff and the Class the benefits of free and open competition with respect to air transportation charges, including fuel surcharges, for travel between the United States and Korea.

**Fraudulent Concealment**

21.    The running of any statute of limitations has been suspended with respect to any claims which the Plaintiff and the other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment.  Defendant and its unnamed co-conspirators, through various devices and techniques of secrecy, affirmatively and fraudulently concealed the existence of the unlawful combination and conspiracy alleged herein.

**Class Allegations**

22.    Plaintiff brings this action on behalf of himself, and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons or entities who purchased international air passenger transportation services between the United States and Korea from Defendant or any predecessor, subsidiary, or affiliate or business partner of each, at any time during the period from January 1, 2000 to July 31, 2006, inclusive.  Excluded from the Class are all federal, state and governmental entities, Defendant and its unnamed-co conspirators and their respective predecessors, subsidiaries, affiliates and business partners.

23.    The Class is so numerous that joinder of all members is impracticable.  Due to the

CLASS ACTION COMPLAINT                                                                    4

1  nature of the trade and commerce involved, the members of the Class are geographically dispersed
2  throughout the United States.  While the exact number of Class members is in the sole possession,
3  custody and control of Defendant, Plaintiff believes that there are thousands or more members of
4  the Class.

5      24.    Common questions of law and fact exist as to all members of the Class and
6  predominate over any questions solely affecting individual members of the Class.  Among the
7  questions of law and fact common to the Class are:

8          a.    Whether Defendant engaged in a contract, combination or conspiracy to fix
9  the prices of air transportation charges, including fuel surcharges, with the unnamed co-
10  conspirators during the Class Period;

11          b.    Whether Defendant and the unnamed co-conspirators violated Section 1 of
12  the Sherman Act;

13          c.    The existence, duration, and illegality of the contract, combination or
14  conspiracy alleged herein;

15          d.    Whether Defendant was a participant in the contract, combination or
16  conspiracy alleged herein;

17          e.    The effect upon and the extent of injuries sustained by Plaintiff and
18  members of the Class and the appropriate type and/or measure of damages;

19          f.    Whether Defendant took affirmative steps to conceal the contract,
20  combination or conspiracy alleged herein; and

21          g.    Whether Plaintiff and the members of the Class are entitled to declaratory
22  and/or injunctive relief.

23      25.    Plaintiff's claims are typical of the claims of the other members of the Class he
24  seeks to represent.  Defendant's illegal practices have targeted and affected all members of the
25  Class in a similar manner, i.e., they have all sustained damages arising out of Defendant's conduct
26  in violation of the federal antitrust laws.

27      26.    Plaintiff will fully and adequately protect the interests of all members of the Class.

28  CLASS ACTION COMPLAINT                         5

Plaintiff has retained counsel experienced in class action and antitrust litigation. Plaintiff has no interests which are adverse to or in conflict with other members of the Class.

27.     The questions of law and fact common to the members of the Class predominate over any questions which may affect only individual members.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision with respect to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

29.     The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The damages suffered by the individual Class members may be relatively small; and therefore, the expense and burden of individual litigation make it virtually impossible for them to redress the wrongs done to them. Plaintiffs anticipate no difficulty in the management of this action as a class action.

### Injury to Plaintiff and Members of the Class

30.     During the Class Period, Plaintiff and the other members of the Class purchased air passenger services from Defendant for travel between the United States and Korea. By reason of the alleged violations of the antitrust laws, Plaintiff and the other members of the Class paid a higher price for their airline tickets and fuel surcharges than they would have paid in the absence of the illegal contract, combination or conspiracy, and, as a result, have been injured and have suffered damages in an amount presently undetermined.

31.     The specific amounts of damages have not yet been determined because such determination will require discovery. When these amounts have been determined, Plaintiff and the

CLASS ACTION COMPLAINT                                                                                      6

1 | Class will seek leave of Court to amend this Complaint to include such amounts.

## Count I

### Violation of the Sherman Act

32.     Plaintiff realleges and incorporates by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

33.     Defendant and the unnamed co-conspirators entered into and engaged in a contract, combination, or conspiracy in an unreasonable restraint of trade in violation of the Section 1 of the Sherman Act and Section 4 of the Clayton Act.

34.     The contract, combination, or conspiracy alleged herein has resulted in an agreement or concerted action among Defendant and their unnamed co-conspirators whereby as a result of these actions air transportation charges, including fuel surcharges, for travel between the United States and Korea were fixed, maintained and stabilized.  The alleged contract, combination, or conspiracy is a *per se* violation of federal antitrust laws and is at a minimum an unreasonable and unlawful restraint of trade.

35.     As a direct result of Defendant's unlawful conduct, Plaintiff and the Class have suffered damage by paying a supra-competitive price for their airline tickets and fuel surcharges.

## Count II

### Unjust Enrichment

36.     Plaintiffs reallege and incorporate by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

37.     Defendant benefited greatly from its fixing, maintaining and stabilizing the price of air transportation services, including fuel surcharges, which were caused directly from their unlawful and anti-competitive acts as described herein.  It would be inequitable for Defendant to retain the benefit of these overpayments.

38.     The Plaintiff and Class are entitled to return of these overpayments caused by the willful acts of the Defendant either as damages or restitution.

CLASS ACTION COMPLAINT

## Prayer for Relief

WHEREFORE, Plaintiffs pray that:

a.      The Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be provided to each and every member of the Class;

b.      The unlawful combination and conspiracy alleged herein be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act;

c.      The Plaintiff and each and every member of the Class recover damages, as provided by law, determined to have been sustained by each of them, and that joint and several judgments in favor of the Plaintiff and each and every member of the Class, respectively, be entered against Defendant, in an amount to be trebled in accordance with antitrust laws;

d.      Defendant be enjoined from continuing the unlawful contract, combination or conspiracy alleged herein with the unnamed co-conspirators;

e.      The Plaintiff and the other members of the Class recover the overpayments made by them;

f.      The Plaintiff and the other members of the Class recover their costs of this suit, including reasonable attorneys' fees and expert fees, as provided by law; and

g.      The Plaintiff and the other members of the Class be granted such other, further and different relief as the nature of the case may require or as may seem just and proper to this Court.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

8

1

**Demand for Jury Trial**

2      39.    Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff

3   respectfully demands a trial by jury.

4   Dated:  August 17, 2007                    BERMAN DeVALERIO PEASE
                                              TABACCO BURT& PUCILLO
5

6
                                              By:
7                                                 Christopher T. Heffelfinger

8                                             Joseph J. Tabacco, Jr.
                                              James C. Magid
9                                             425 California Street, 21st Floor
                                              San Francisco, CA  94104
10                                            Telephone:  415-433-3200
                                              Facsimile:  415-433-6382
11

12                                            Christopher Lovell
                                              Imtiaz Siddiqui
13                                            LOVELL STEWART HALEBIAN LLP
                                              500 Fifth Avenue, Floor 58
14                                            New York, NY 10110
                                              Telephone: (212) 608-1900
15
                                              **Counsel for Plaintiff**
16

17

18

19

20

21

22

23

24

25

26

27

28   CLASS ACTION COMPLAINT                                              9